Christopher J. Reichman  SBN 250485
[chrisr@prato-reichman.com]
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-683-79

Attorney for Plaintiff
PAUL SAPAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| PAUL SAPAN,<br><br>         Plaintiff,<br><br>  vs.<br><br>HOMESAVERS, LLC.,<br>a California Limited Liability Company,<br>EDDIE MANSOUR, an individual,<br>JAMAL AMAD KARMOUTA, an individual,<br><br>         Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**Violation(s) of Telephone Consumer Protection Act of 1991**<br>**Trespass to Chattel**<br>**Unfair Business Practices** |

   COMES NOW Plaintiff PAUL SAPAN (hereinafter referred to as "Plaintiff") who alleges as follows:

- 1 -
Complaint

- 2 -

# JURISDICTIONAL ALLEGATIONS

1. Plaintiff at all times herein mentioned was a resident of the County of Los Angeles, but has recently moved to the County of Orange, State of California.

2. Defendant Homesavers, LLC. ("Home Savers", "Home Savers USA"), is, and at all times herein mentioned was, a California corporation doing business in the County of Los Angeles, State of California.

3. Defendant Eddie Mansour is, and at all times herein mentioned was, an individual doing business in the County of Los Angeles, State of California.

4. Defendant Jamal Amad Karmouta is, and at all times herein mentioned was, an individual doing business in the County of Los Angeles, State of California.

5. This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq.  The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012).  The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the

scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

## FACTUAL SUMMARY

7. Defendant HomeSavers, LLC. made nine (9) live sales calls to Plaintiff Paul Sapan's home phone number (310-444-1999) wherein they tried to pitch mortgage modification services on the following dates and times and using the following Caller ID ("CID") numbers and names:

- 4/15/11 12:19 pm, CID 818-579-7964
- 4/18/11  9:33 am, CID 818-579-7964
- 4/18/11 10:23 am, CID 818-579-7964
- 9/26/11 4:55 pm, CID 760-892-6142
- 9/27/11 10:56 am, CID 714-835-3221
- 9/28/11 3:48 pm, CID 714-835-3221
- 10/3/11 12:55 pm, CID 714-835-3221
- 10/3/11 12:55 pm, CID 714-835-3221
- 1/3/12 1:21pm, CID 714-835-3221

8. All nine (9) of the calls complained of above used the CID number but no CID name, but both are required by law.  47 C.F.R. § 64.1601(e).

9. Mr. Sapan did not answer his telephone for the first two calls, but the CID number used was the same as the third call detailed below.

10. During the third call April 18, 2011 at 10:23 am, "Frank" from "American Financial" called Mr. Sapan and began to pitch mortgage modification services.

- 2 -

11. In order to find out who was behind these calls since the names "Frank" and "American Financial" were intentionally vague, Mr. Sapan feigned interest.

12. "Frank" of "American Financial" then transferred the call to "Lisa" of My Home Savers USA.

13. Now that an identifiable company name was given, Mr. Sapan said he was not interested and hung up.

14. After the call, Mr. Sapan performed a Google search on My Home Savers USA where he found the organization listed with the California Secretary of State filings as Homesavers, LLC.

15. The fourth call on September 26, 2011 at 12:39 pm used a new CID number 760-892-6142

16. During the fourth call, "Daniel" of "mortgage help center" began to pitch mortgage modification services.

17. Since this call was from a new CID number and used different names from the previous calls, Mr. Sapan again feigned interest.

18. At some point before the customary transfer, Daniel asked Mr. Sapan if his telephone was on the "DNC list".

19. To confirm both the legality of the call, and identity of the caller, Mr. Sapan played along by claiming he was unfamiliar with the term, "DNC".

20. "Daniel" said "never mind, no problem".

21. At this time he transferred the call to "Lisa Diaz" of My Home Savers USA, who attempted to pitch Mr. Sapan mortgage modification services.

22. Mr. Sapan said he would call back if he was interested.

23. Mr. Sapan never called back.

24. Five (5) subsequent phone calls were made to Mr. Sapan's telephone number under CID 714-835-3221.

25. In the first four (4) of these calls, "Lisa Diaz" of "Home Savers" came on the line and made her pitch to sell mortgage modification services.

26. Mr. Sapan either hung up on these calls or let them go to voicemail where she left her sales messages.

27. Mr. Sapan did not answer the last of the calls.

28. For each call that Mr. Sapan did not answer, the call was made using the same CID number as a call Mr. Sapan answered and Home Savers was identified as the caller

29. Mr. Sapan pleads on information and belief that Defendants made each call he did not answer for the purpose of pitching their mortgage modification services.

30. The Better Business Bureau lists Defendant Jamal Karmouta as owner of Home Savers, LLC., and Defendant Eddie Mansour as manager.

- 3 -
Complaint

31. Furthermore, a Final Cease and Desist Order was filed by the Maryland Financial Regulation Commissioner in 2011. (Case No.: CFR-FY2011-0378).

32. The Final Cease and Desist Order names Jamal Amad Karmouta and Eddie Mansour as owners, directors, managers, employees, and/or agents of HomeSavers.

33. Plaintiff pleads on information and belief that Defendants Jamal Amad Karmouta, and Eddie Mansour, partners and sole officers of Defendant Homesavers, LLC., ordered authorized, and had substantial involvement in causing the complained of herein to be transmitted to Mr. Sapan.

34. Mr. Sapan has been harmed by the junk calls complained of herein by the direct waste of his time during the calls themselves, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

## FIRST CAUSE OF ACTION
[Violation of Telephone Consumer Protection Act of 1991]

35. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

36. Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

37. Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

38. At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

39. Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff.  37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

40. Subdivision (c)(5) of section 227 of title 47 of the United States Code

permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder.  Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## SECOND CAUSE OF ACTION
[Trespass to Chattel]

41.  Plaintiff realleges all paragraphs above and incorporates them herein by reference.

42.  The conduct by defendants complained of herein, namely illegally calling Plaintiff's phone, constitutes an electronic trespass to chattel.

43.  At no time did Plaintiff consent to this trespass.

44.  As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 9% of his monthly phone bill in November of 2011 since Defendant's calls constituted 9% or more of the total calls to his phone at the height of their junk calling campaign.

45.  In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex, injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

## THIRD CAUSE OF ACTION
[Engaging in Unfair Business Practices]

46. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

47. Because these telephone calls violate federal statutes, they are unlawful business practices within the meaning of section 17200 of the Business and Professions Code.

48. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 9% of his monthly phone bill in November of 2013 since Defendant's calls constituted 9% or more of the total calls to his phone at the height of their junk calling campaign.

49. Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:
1. For an award of $500.00 for each violation of 47 C.F.R. §64.1200 (c)(2);
2. For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:

    3. For compensatory damages according to proof;

    4. For punitive damages;

On the THIRD CAUSE OF ACTION:

    5. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

On ALL CAUSES OF ACTION:

    6. For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

    7. For costs of suit herein incurred; and

    8. For such further relief as the Court deems proper.

DATED: April 1, 2015                       **PRATO & REICHMAN, APC**

/s/Christopher J. Reichman, Esq.
By: Christopher J. Reichman, Esq.
**Prato & Reichman, APC**
Attorneys for Plaintiff
PAUL SAPAN

- 8 -
Complaint